**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 9:24cv80506 - Civ**

**CROWN CASTLE FIBER LLC,**

**Plaintiff,**

**v.**

**DP DEVELOPMENT, LLC,**

**Defendant.**

## COMPLAINT

COMES NOW Plaintiff Crown Castle Fiber LLC ("Plaintiff" or "Crown Castle"), and for its Complaint against Defendant DP Development, LLC ("Defendant" or "DPD"), alleges and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff Crown Castle Fiber LLC ("Plaintiff" or "Crown Castle") is a single member New York limited liability company. Crown Castle's member is Crown Castle Fiber Holdings Corp., a Delaware corporation with a registered business address in Houston, Texas.

2. Defendant DP Development, LLC ("Defendant" or "DPD") is a Florida limited liability company with its principal place of business in West Palm Beach, Florida. Upon information and belief, Defendant DPD's members are Patrick Borrico and Daniel Petrillo, both residents of the State of Florida.

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists and the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. This Court has personal jurisdiction over Defendant DPD because the events giving rise to this action occurred in or near Loxahatchee, Palm Beach County, Florida. Defendant DPD

conducts business in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in or near Loxahatchee, Palm Beach County, Florida. Venue is therefore proper in this Court and District pursuant to 28 U.S.C. §§ 89(c), 1391(a), (b)(2), and (c)(2).

## BACKGROUND INFORMATION

5. Plaintiff Crown Castle is a telecommunications infrastructure company that, among other things, owns a network of fiber optic cables, some of which are buried underground.

6. In accordance with §§ 556.101, Fla. Stat. (2017), *et seq.*, Crown Castle is a member of Sunshine State One-Call of Florida, Inc. ("Sunshine State"), the notification center formed pursuant to §§ 556-103, 556-104, Fla. Stat. (2017) to receive notices from excavators planning to excavate within the State of Florida and transmit those notices to the operators of underground facilities within the proposed excavation area described in the excavator's notice to Sunshine State.

7. By state statute and agreement with and/or permission from the State of Florida, Palm Beach County and/or the City of Loxahatchee, or by interest in a certain easement, Crown Castle possesses the rights to install, operate, and maintain telecommunications cables on, over or under certain land in, near, and along State Road 80 ("SR 80") in Loxahatchee, Palm Beach County, Florida (the "Easement"). By virtue of the Easement, Crown Castle is entitled to undisturbed possession of those rights.

8. In accordance with its rights under the law and the Easement, Crown Castle installed and operates telecommunications cables and affiliated telecommunications equipment (the "Facilities") within the Easement.

9. On at least five (5) occasions between April 27, 2020, and March 25, 2021, Defendant DPD damaged Crown Castle's Facilities (collectively, the "Incidents"). Specifically, Defendant DPD damaged Crown Castle's Facilities:

a. On or about April 27, 2020, at or near 16169 SR 80, in or near Loxahatchee, Palm Beach County, Florida;

b. On or about April 30, 2020, at or near 1000' West of Lion Country Safari Road on SR 80, in or near Loxahatchee, Palm Beach County, Florida;

c. On or about May 8, 2020, at or near 850' West of Lion Country Safari Road on SR 80, in or near Loxahatchee, Palm Beach County, Florida;

d. On or about May 13, 2020, at or near 4500' West of Lion Country Safari Road on SR 80, in or near Loxahatchee, Palm Beach County, Florida;

e. On or about March 25, 2021, at or near SR 80 between B Road West to the L8 Canal, in or near Loxahatchee, Palm Beach County, Florida.

10. Prior to each of the Incidents, Crown Castle's Facilities had been located and marked in accordance with Florida law and Defendant DPD knew or should have known of the existence and approximate location of the Facilities within the Easement where Defendant DPD was performing work.

**FIRST CLAIM FOR RELIEF**
(**Trespass**)

11. Plaintiff Crown Castle repeats and realleges each and every allegation contained in Paragraphs 1-10 above.

12. On the date of each Incident set forth in Paragraph 9 above, Defendant DPD was, without Crown Castle's knowledge or consent, against Crown Castle's will and in violation of Florida law, federal OSHA regulations and reasonable and accepted industry standards and practices, excavating with mechanized equipment within the Easement where Crown Castle's Facilities were located.

13. On the date of each Incident set forth in Paragraph 9 above, without Crown Castle's knowledge or consent, and against Crown Castle's will, Defendant DPD damaged Crown Castle's Facilities while excavating with mechanized equipment as described in Paragraph 12 above.

14. As a result of Defendant DPD's actions, Crown Castle sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of its Facilities which have resulted in actual damages to Crown Castle in excess of $75,000.00 exclusive of interest and costs.

**WHEREFORE**, Plaintiff Crown Castle prays this Court grant judgment in its favor against Defendant DPD on Crown Castle's First Claim for Relief, awarding Crown Castle actual damages in an amount to be determined at trial in excess of $75,000.00 exclusive of interest and costs; punitive damages in an amount sufficient to punish Defendant DPD for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

**SECOND CLAIM FOR RELIEF**
(**Negligence**)

15. Plaintiff Crown Castle repeats and realleges each and every allegation contained in Paragraphs 1-14 above as if fully set forth at length herein.

16. Upon information and belief, Defendant DPD acted negligently in excavating with mechanized equipment as described in Paragraph 12. This negligent conduct included, but is not limited to the following:

a. Failing to excavate in a careful and prudent manner based on accepted engineering and construction practices as required by §§ 556.101, Fla. Stat. (2017), *et seq.*;

b. Failing to take adequate measures to ensure the Facilities would not be damaged during the work described in Paragraph 12 above;

c. Failing to plan its work to minimize damage to, or interference with, the Facilities during the work described in Paragraph 12 above;

d. Failing to determine the exact location of Crown Castle's Facilities prior to commencing the work described in Paragraph 12 above;

e. Failing to protect and preserve the markings indicating the presence and approximate location of Crown Castle's Facilities during the work described in Paragraph 12 above;

f. Failing to train Defendant DPD's employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*;

g. Failing to adequately supervise Defendant DPD's employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*; and

h. Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

17. As a result of Defendant DPD's actions and/or omissions, Plaintiff Crown Castle has sustained damage to and the loss of the use of its Facilities which have resulted in actual damages to Crown Castle in excess of $75,000.00 exclusive of interest and costs.

18. The actions of Defendant DPD were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Crown Castle's rights and a conscious indifference to the consequences.

**WHEREFORE**, Plaintiff Crown Castle prays this Court grant judgment in its favor against Defendant DPD on Crown Castle's First Claim for Relief, awarding Crown Castle actual damages in an amount to be determined at trial in excess of $75,000.00 exclusive of interest and costs; punitive damages in an amount sufficient to punish Defendant DPD for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

DATED this 24th day of April 2024.

GOEDE, DEBOEST & CROSS, PLLC
2030 McGregor Boulevard
Fort Myers, FL 33901
Telephone: (239) 333-2992

_______________________________
Kristie Mace, Esq.
Florida Bar No. _______
Email: KMace@gadclaw.com

**ATTORNEYS FOR PLAINTIFF**
**CROWN CASTLE FIBER LLC**